IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOLORES LLOYD, | CIVIL ACTION |
| | NO. 15-6880 |
| Plaintiff, | |
| v. | |
| PRESBY'S INSPIRED LIFE, et al., | |
| Defendants. | |

## **O R D E R**

**AND NOW**, this **1st** day of **May, 2017**, for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 19) is **GRANTED in part** and **DENIED in part** as follows:

1. Defendant's Motion for Summary Judgment is **GRANTED** with respect to (1) Plaintiff's religious discrimination claim, to the extent it relates to events that occurred prior to March 8, 2011; and (2) Plaintiff's retaliation claim, to the extent it relates to Defendants' alleged failure to properly file Plaintiff's HUD recertification paperwork.

2. Defendant's Motion for Summary Judgment is **DENIED** with respect to (1) Plaintiff's reasonable accommodations claim; (2) Plaintiff's religious discrimination claim, to the extent it relates to events that occurred on or after March 8, 2011; and

(3) Plaintiff's retaliation claim, to the extent it relates to Defendants' alleged vandalism of Plaintiff's apartment.

3. Defendants are granted leave to file a second motion for summary judgment by **May 31, 2017.**

4. Plaintiff may file a response to Defendants' second motion for summary judgment, if any, by **July 31, 2017.** Prior to filing a response, Plaintiff is granted leave to take additional discovery regarding the following topics, including by obtaining affidavits from individuals with personal knowledge of these topics:[1]

    (a) Whether Plaintiff's request for a one-bedroom handicapped-accessible apartment stated that she required the apartment in order to accommodate her disability;

    (b) Whether a one-bedroom handicapped-accessible apartment was reasonable and necessary to accommodate Plaintiff's disability;

    (c) Whether tenants of Interfaith who are not Jehovah's Witnesses were permitted to hold religious meetings in public spaces;

---

[1] Plaintiff is instructed to file copies of any discovery she receives in connection with her opposition to Defendants' second motion for summary judgment, as well as copies of any relevant documentation Plaintiff herself possesses.

(d) Whether tenants of Interfaith who are not Jehovah's Witnesses were given preferential treatment in housing placement decisions;

(e) Whether Defendants had a policy or practice requiring all tenants to attend political meetings and providing repercussions for tenants' failure to attend those meetings; and

(f) Whether Defendants caused the alleged vandalism of Plaintiff's apartment.

**AND IT IS SO ORDERED.**

<u>**/s/ Eduardo C. Robreno**</u>
**EDUARDO C. ROBRENO,    J.**